UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff<br><br>v.<br><br>ROGER ACOSTA,<br><br>　　　Defendant | Case No.: 2:17-cr-00118-APG<br><br>**ORDER DENYING MOTION TO VACATE**<br><br>[ECF No. 34] |

Defendant Roger Acosta pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He moves under 28 U.S.C. § 2255 to vacate his conviction and sentence. ECF No. 34. He argues that, based on the Supreme Court's holding in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), his indictment was fatally defective because the government failed to allege that he knew he was a felon when he possessed the firearm.

I deny Acosta's motion. The indictment's failure to allege that Acosta knew he was a felon did not deprive this court of jurisdiction. And Acosta cannot show that he is actually prejudiced by that defect.

**Background**

In 2003, Acosta was convicted of first degree residential burglary, a California state felony. He was sentenced to four years in state prison, and eventually served all four years after violating his parole on four separate occasions. In 2010, Acosta was sentenced to 16 months in prison for grand theft of personal property. In 2012, he was sentenced to 16 months in prison for being a felon or addict in possession of a firearm. In 2014, Acosta was sentenced to two years' imprisonment for inflicting corporal injury.

The indictment in the present case alleged that in January 2017, Acosta:

> having been convicted of crimes punishable by imprisonment for a term exceeding one year . . . did knowingly possess a firearm . . . said possession being in and affecting interstate commerce and said firearm having been shipped and transported in interstate commerce, all in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

ECF No. 1. In July 2017, Acosta pleaded guilty to that charge. ECF Nos. 24, 26. I sentenced him to 52 months of imprisonment, to be followed by three years of supervised release. Acosta did not appeal his conviction or sentence. In June 2020, Acosta filed the instant motion seeking to set aside his conviction and sentence based on *Rehaif*.

**Analysis**

Acosta was indicted, pleaded guilty, and was sentenced in 2017 for his possession of a firearm as a convicted felon. At that time, under the law of this circuit and every other circuit, the government was neither required to allege in the indictment nor present evidence and prove at trial that the defendant knew of his status as a convicted felon. Two years later, the Supreme Court held "that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200.[1]

The indictment against Acosta did not allege that he knew he had been convicted of a crime punishable by more than one year of imprisonment. Acosta argues that this defect stripped

---

[1] "It is therefore the defendant's *status*, and not his conduct alone, that makes the difference. Without knowledge of that status, the defendant may well lack the intent needed to make his behavior wrongful." *Rehaif*, 139 S. Ct. at 2197 (emphasis original). I reject Acosta's argument that, under *Rehaif*, the government must also prove that the defendant knew that he was barred from possessing a firearm. *See United States v Dillard*, No. 2:09-cr-00057-JAD-GWF, 2020 WL 2199614, at *4 (D. Nev. May 6, 2020).

2

this court of jurisdiction and violated his rights under the Fifth and Sixth Amendments. None of these theories warrants § 2255 relief.[2]

This court "has jurisdiction of all crimes cognizable under the authority of the United States . . . ." *Lamar v. United States*, 240 U.S. 60, 65 (1916). "The objection that the indictment does not charge a crime against the United States goes only to the merits of the case" and does not deprive the court of jurisdiction. *Id.*; *see also United States v. Cotton,* 535 U.S. 625, 630 (2002) (citing *Lamar* for the proposition that "defects in an indictment do not deprive a court of its power to adjudicate a case."). The Ninth Circuit has repeatedly cited *Cotton* for this principle. *See*, *e.g.*, *U.S. v. Velasco-Medina*, 305 F.3d 839, 845 (9th Cir. 2002) (rejecting the argument that the indictment's failure to allege the specific intent required for attempted reentry deprived the district court of jurisdiction). It applies even when considering appeals based on *Rehaif*. *See*, *e.g.*, *United States v. Espinoza*, 816 F. App'x 82, 84 (9th Cir. 2020) ("[T]he indictment's omission of the knowledge of status requirement did not deprive the district court of jurisdiction."). Thus, this court had and has jurisdiction over Acosta's case.

"To challenge a conviction in a § 2255 proceeding based upon a claim of error that could have been raised on direct appeal but was not, a defendant must demonstrate both cause to excuse the procedural default, as well as actual prejudice resulting from that error." *United States v. Seng Chen Yong*, 926 F.3d 582, 590 (9th Cir. 2019). For purposes of this motion only, I will assume Acosta can show cause to excuse the default. But he cannot show prejudice because the government could re-indict him and the same result would occur.

---

[2] Acosta seeks relief solely on the sufficiency of the indictment. He does not challenge the sufficiency of the evidence supporting his plea or conviction.

"[I]f properly challenged prior to trial, an indictment's complete failure to recite an essential element of the charged offense is not a minor or technical flaw subject to harmless error analysis, but a fatal flaw requiring dismissal of the indictment." *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999); *see also United States v. Qazi*, No. 18-10483, 2020 WL 5553323, at *2 (9th Cir. Sept. 17, 2020) ("If a defendant properly challenges an indictment before trial and, on de novo appellate review, we determine the indictment omitted an essential element, *Du Bo* requires automatic dismissal regardless of whether the omission prejudiced the defendant."). But if the indictment is challenged post-trial, dismissal is not automatically required.

The Ninth Circuit recently reviewed an appeal of a § 922(g) conviction based on *Rehaif*. *United States v. Johnson*, 963 F.3d 847 (9th Cir. 2020). The indictment in that case, as with this one, did not include a knowledge-of-status allegation, in violation of *Rehaif*. The Ninth Circuit declined to dismiss the case and instead affirmed the conviction. The court determined that Johnson could be retried for the same crime because the evidence at trial "was rendered insufficient only by the Supreme Court's subsequent decision in *Rehaif* . . . ." *Id.* at 852. Because retrial was available, the court was authorized to review the entire record on appeal, not just the record adduced at trial. *Id.* Reviewing for plain error, the court held that a retrial would result in the same conviction because the defendant could not offer a plausible basis for a different outcome. *Id.* at 852.

> [I]f the hypothetical retrial is certain to end in the same way as the first one, then refusing to correct an unpreserved error will, by definition, not result in a miscarriage of justice. Indeed, choosing to correct the error in those circumstances would produce the very sort of wasteful reversals that [Federal Rule of Criminal Procedure] 52(b) aims to avoid.

*Id.* (internal quotation and citation omitted).[3] The record on appeal (including the Presentence Report) showed that Johnson had several prior felony convictions and had already served three prison sentences of over one year. "In light of the sentences imposed in his earlier cases, Johnson cannot plausibly argue that a jury . . . would find that he was unaware of his status as someone previously convicted of an offense punishable by more than a year in prison." *Id.* at 854. That evidence justified affirming the conviction.

The *Johnson* court employed the plain error standard because the case arose on direct appeal. Here, however, Acosta did not appeal his conviction but instead raises this issue in a § 2255 motion. The "cause and actual prejudice" standard for review of a § 2255 motion is a significantly higher burden than the plain error standard on a direct appeal. *United States v. Frady*, 456 U.S. 152, 166-67 (1982) ("We reaffirm the well-settled principle that to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal.").[4] *Johnson* would require me to deny Acosta's motion under a plain error review, so I likewise must deny the motion under the higher hurdle of the cause and prejudice standard.

If I vacate Acosta's conviction because of the defective indictment, the government will be able seek another indictment. *See Johnson*, 963 F.3d at 852 ("The evidence was rendered insufficient only by the Supreme Court's subsequent decision in *Rehaif*, which means the government would be permitted to retry Johnson."). Thus, as in *Johnson*, I can look to the entire

---

[3] "As the Supreme Court has stated, Rule 52(b) authorizes courts to correct unpreserved errors, but that power is to be used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result." *Johnson*, 963 F.3d at 852.

[4] *Cf. United States v. Timmreck*, 441 U.S. 780, 784 (1979) ("[T]he concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas.").

5

record, including the Presentence Report, to determine whether Acosta can show actual prejudice from the defective indictment. *Id.*

Acosta has been sentenced on four different occasions to terms of imprisonment exceeding one year: in 2003, to a term of four years; in 2010, to a term of 16 months; in 2012, to another term of 16 months; and in 2014, to a term of two years of imprisonment. Acosta served the entire four-year term of imprisonment for his 2003 conviction as the result of parole violations. Acosta offers no evidence or argument disputing this criminal history. He does not claim he was unaware that he had been convicted of a felony or that he actually served years of imprisonment. To the contrary, he admits that "[a]t the time [he] was in possession of the firearm, he had been previously convicted of a crime punishable by a term of imprisonment exceeding one year." ECF No. 25 at 4. No plausible argument exists that the grand jury would find that he was unaware of his status as a convicted felon. If I dismiss the indictment, he could be reindicted and retried, and the result would be the same.

The overwhelming and uncontroverted evidence establishes that Acosta is not suffering actual prejudice, under any of his constitutional theories, from the indictment's failure to allege that he knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year. I therefore deny his § 2255 motion.

## Certificate of Appealability

To appeal this order, Acosta must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22–1(a). To obtain that certificate, he "must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quotation omitted). This standard is "lenient." *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc).

I have denied Acosta's motion based on the Ninth Circuit's decision in *Johnson*. While *Johnson* employed the plain error standard of review, Acosta faces a "significantly higher hurdle" for his § 2255 motion. *Frady*, 456 U.S. at 166. The undisputed facts establish that Acosta is not prejudiced by the defective indictment because he could be reindicted and retried with the same outcome. Reasonable jurists cannot debate that conclusion. I will thus deny Acosta's request for a certificate of appealability.

I THEREFORE ORDER that defendant Roger Acosta's motion under 28 U.S.C. § 2255 **(ECF No. 34) is DENIED**.

I FURTHER ORDER that Acosta is denied a certificate of appealability.

I FURTHER ORDER the Clerk of Court to enter a separate civil judgment denying Acosta's § 2255 motion. The Clerk also shall file this order and the civil judgment in this case and in the related civil case number 2:20-cv-1086-APG.

DATED this 16th day of October, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE